JOHNSON, Judge.
This is an appeal from a final judgment in favor of the appellee (plaintiff below) rendered by the Circuit Court of Escambia County in a trial without a jury.
Three of the personal defendants, Hertz, Nolting, and Dorman were officers and stockholders of the corporation defendant, and as such, after the corporation had entered into a general automobile financing contract entered into a “Wholesale Guaranty Agreement” with the plaintiff-appellee guaranteeing the payments of the loans made to the corporate defendant, The Auto Center of Pensacola, Inc. There is some dispute as to the time of entering into this Guaranty Agreement and as to the pressure asserted on the officers of the corporate defendant to give their personal guaranty.
There appears from the evidence that the Auto Center was making sales out of trust, which fact was explained by the defendants as a necessary, temporary thing while funds and titles were in transit. There was much evidence of bickering between the plaintiff’s agent and the defendants over a period of several months which culminated in the plaintiff not only cutting off any further financing, but in a demand for a pay off. In the absence of the pay off, the plaintiff repossessed the autos in inventory and sold them at public auction about 30 days after repossessing them. The sale resulted in a loss to the plaintiff. Thereafter suit was instituted against the defendants under the Dealer’s Wholesale Underlying Agreement for the loss sustained by the plaintiff. Counterclaims were filed by the defendants wherein, inter alia, the plaintiff was charged with breach of contract as well as tortious conduct resulting in damage to the Auto Center’s business and the resulting damage to the individual defendants.
The trial court had a lot of evidence before it and entered a comprehensive and extensive findings of law and fact which *262 were later incorporated by reference into the final judgment.
We have carefully considered the record, briefs and arguments and sifting through all this, we conclude the real issue or prayer of the appellants is for a new trial based upon the question of facts. We do not find any abuse of judgment on the part of the trial court and we will not attempt to substitute our judgment for that of the trial judge as to the facts. Neither do we find any wrongful application of the established law to the facts so found. We therefore affirm the judgment appealed from.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.